**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| CheckFree Corporation and CashEdge, Inc., | |
| Plaintiffs, | |
| v. | Case No.: 3:12-cv-15-J-34-JBT |
| Metavante Corporation and Fidelity National Information Services, Inc., | Jury Trial Demanded |
| Defendants. | |
| Metavante Corporation, | |
| Counterclaim Plaintiff, | |
| v. | |
| CheckFree Corporation, CashEdge, Inc., and Fiserv, Inc., | |
| Counterclaim Defendants | |

**PLAINTIFFS' AND FISERV'S ANSWER, DEFENSES AND COUNTERCLAIM**
**TO DEFENDANTS' COUNTERCLAIM**

CheckFree Corporation, CashEdge, Inc. (collectively, "Plaintiffs"), and Fiserv, Inc. ("Fiserv"), by their undersigned attorneys, answer and respond to the Counterclaims of Defendants Fidelity National Information Services, Inc. and Metavante Corporation (collectively, "Defendants"), and present a counterclaim to Defendants' counterclaim as follows:

**ANSWER TO DEFENDANTS' COUNTERCLAIM**

**THE PARTIES**

1.      On information and belief, Plaintiffs and Fiserv admit the allegations of paragraph 1.

2.      On information and belief, Plaintiffs and Fiserv admit the allegations of paragraph 2.

3.      Plaintiffs and Fiserv admit that CheckFree Corporation is a Delaware corporation with its principal place of business at 255 Fiserv Drive, Brookfield, Wisconsin 53045.

4.      Plaintiffs and Fiserv admit that CashEdge, Inc. is a Delaware corporation with its principal place of business at 215 Park Avenue South, Suite 1300, New York, New York 10003.

5.      Plaintiffs and Fiserv admit that Fiserv, Inc. is a Wisconsin corporation with its principal place of business at 255 Fiserv Drive, Brookfield, Wisconsin 53045.

6.      Plaintiffs and Fiserv admit that CheckFree and CashEdge are wholly-owned subsidiaries of Fiserv.

## ANSWER TO DECLARATORY JUDGMENT

## JURISDICTION AND VENUE ALLEGATIONS

7.      Plaintiffs and Fiserv admit that Defendants are counterclaiming for declaratory judgment of alleged noninfringement and/or invalidity arising under the patent laws of the United States.  Plaintiffs and Fiserv admit that the Court has subject matter jurisdiction over the Counterclaim, but deny that the Counterclaim is valid or that Defendants are entitled to any relief whatsoever from Plaintiffs or Fiserv.

8.      Plaintiffs and Fiserv admit that jurisdiction and venue are proper in this district for this action.

## ANSWER TO BACKGROUND ALLEGATIONS

9.      Plaintiffs and Fiserv admit that CheckFree Corp. and CashEdge, Inc. are the owners of the '749, '524, and '223 patents asserted in Paragraphs 18, 19, and 21 of the Complaint.

10.     Plaintiffs and Fiserv admit that CheckFree Corp. and CashEdge, Inc. have charged Metavante and Fidelity National Information Services, Inc. with infringement of the ′749, ′524, and ′223 patents as stated in the Complaint.

11.     Plaintiffs and Fiserv deny the allegations of Paragraph 11.

12.     Plaintiffs and Fiserv admit that there is an actual case or controversy between Defendants, on the one hand, and CheckFree Corp. and CashEdge, Inc., on the other hand, over the ′749, ′524, and ′223 patents.

**ANSWER TO COUNT I SEEKING**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

13.     Plaintiffs and Fiserv deny the allegations of Paragraph 13.

**ANSWER TO COUNT II SEEKING**
**DECLARATORY JUDGMENT OF INVALIDITY**

14.     Plaintiffs and Fiserv deny the allegations of Paragraph 14.

**ANSWER TO PATENT INFRINGEMENT**

**JURISDICTION AND VENUE ALLEGATIONS**

15.     Plaintiffs and Fiserv admit that Defendants are counterclaiming for damages and injunctive relief for alleged patent infringement arising under the patent laws of the United States.  Plaintiffs and Fiserv admit that the Court has subject matter jurisdiction over the Counterclaim, but deny that the Counterclaim is valid or that Defendants are entitled to any relief whatsoever from Plaintiffs or Fiserv.

16.     Plaintiffs and Fiserv deny the allegations of Paragraph 16 but do not contest personal jurisdiction over this Counterclaim.

17.     Plaintiffs and Fiserv deny the allegations of Paragraph 17 but do not contest personal jurisdiction over this Counterclaim.

18.     Plaintiffs and Fiserv admit that CheckFree and Fiserv have maintained contacts with Florida and this judicial district and do not contest personal jurisdiction over this Counterclaim.

19.     Plaintiffs and Fiserv deny the allegations of Paragraph 19.

20.     Plaintiffs and Fiserv do not contest that the Court has personal jurisdiction over this Counterclaim but deny the remaining allegations of Paragraph 20.

21.     Plaintiffs and Fiserv do not contest that they are subject to personal jurisdiction in this district for this Counterclaim.

22.     Plaintiffs and Fiserv admit that venue is proper in this judicial district for this Counterclaim.

## ANSWER TO COUNT III ALLEGING
## INFRINGEMENT OF U.S. PATENT NO. 7,370,014

23.     Plaintiffs and Fiserv reallege, as if fully set forth herein, their previous responses to Paragraphs 1-22 of Defendants' Counterclaim.

24.     Plaintiffs and Fiserv admit that U.S. Patent No. 7,370,014 is titled "Electronic Bill Presentment and Payment System That Obtains User Bill Information From Biller Web Sites," states on its face that it was issued to Dhaval Vasavada, Alex Kosowski, and Eric Jamison, and bears an issue date on its face of May 6, 2008.

25.     Plaintiffs and Fiserv lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 25 and on that basis deny them.

26.     Plaintiffs and Fiserv deny the allegations of Paragraph 26.

27.     Plaintiffs and Fiserv deny the allegations of Paragraph 27.

28.     Plaintiffs and Fiserv deny the allegations of Paragraph 28.

29.     Plaintiffs and Fiserv deny the allegations of Paragraph 29.

30.     Plaintiffs and Fiserv deny the allegations of Paragraph 30.

**ANSWER TO COUNT IV ALLEGING**
**INFRINGEMENT OF U.S. PATENT NO. 7,958,049**

31.     Plaintiffs and Fiserv reallege, as if fully set forth herein, their previous responses to Paragraphs 1-30 of Defendants' Counterclaim.

32.     Plaintiffs and Fiserv admit that U.S. Patent No. 7,958,049 is titled "System and Method for Obtaining Customer Bill Information and Facilitating Bill Payment at Biller Website," states on its face that it was issued to Eric W. Jamison, David S. Fortney, Dhaval A. Vasavada, and Alexander Kosowski, and bears an issue date on its face of June 7, 2011.

33.     Plaintiffs and Fiserv lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 33 and on that basis deny them.

34.     Plaintiffs and Fiserv deny the allegations of Paragraph 34.

35.     Plaintiffs and Fiserv deny the allegations of Paragraph 35.

36.     Plaintiffs and Fiserv deny the allegations of Paragraph 36.

37.     Plaintiffs and Fiserv deny the allegations of Paragraph 37.

38.     Plaintiffs and Fiserv deny the allegations of Paragraph 38.

**ANSWER TO COUNT V ALLEGING**
**INFRINGEMENT OF U.S. PATENT NO. 7,734,543**

39.     Plaintiffs and Fiserv reallege, as if fully set forth herein, their previous responses to Paragraphs 1-38 of Defendants' Counterclaim.

40.     Plaintiffs and Fiserv admit that U.S. Patent No. 7,734,543 is titled "Electronic Bill Presentment and Payment System," states on its face that it was issued to Ronald A. Braco, and bears an issue date on its face of June 8, 2010.

41.     Plaintiffs and Fiserv lack knowledge or information sufficient to form a belief

about the truth of the allegations of Paragraph 41 and on that basis deny them.

42.     Plaintiffs and Fiserv deny the allegations of Paragraph 42.

43.     Plaintiffs and Fiserv deny the allegations of Paragraph 43.

44.     Plaintiffs and Fiserv deny the allegations of Paragraph 44.

45.     Plaintiffs and Fiserv deny the allegations of Paragraph 45.

46.     Plaintiffs and Fiserv deny the allegations of Paragraph 46.

## RESPONSE TO REQUEST FOR RELIEF

Plaintiffs and Fiserv deny all remaining allegations not specifically admitted herein and deny that Defendants are entitled to judgment or any relief requested by the Counterclaim, including that requested in Paragraphs A through K of Defendants' Prayer.

## AFFIRMATIVE DEFENSES

Without assuming any burden other than that imposed by operation of law or admitting that it bears the burden of proof with respect to any of the following, Plaintiffs and Fiserv allege as follows:

### First Defense (Noninfringement)

47.     Plaintiffs and Fiserv are not infringing and have not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of the '014 Patent.

48.     Plaintiffs and Fiserv are not infringing and have not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of the '049 Patent.

49.     Plaintiffs and Fiserv are not infringing and have not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of the '543 Patent.

### Second Defense (Invalidity)

50.     The claims of the '014 Patent are invalid for failure to comply with the conditions

and requirements of patentability set forth in United States Patent Laws, Title 35 U.S.C., including specifically and without limitation §§ 101, 102, 103, 112 and/or 116, and the rules, regulations, and laws pertaining thereto.

51.     The claims of the ′049 Patent are invalid for failure to comply with the conditions and requirements of patentability set forth in United States Patent Laws, Title 35 U.S.C., including specifically and without limitation §§ 101, 102, 103, 112 and/or 116, and the rules, regulations, and laws pertaining thereto.

52.     The claims of the ′543 Patent are invalid for failure to comply with the conditions and requirements of patentability set forth in United States Patent Laws, Title 35 U.S.C., including specifically and without limitation §§ 101, 102, 103, 112 and/or 116, and the rules, regulations, and laws pertaining thereto.

### Third Defense (Prosecution Disclaimer and Prosecution History Estoppel)

53.     Defendants have disclaimed and are estopped from asserting that any valid and enforceable claim of the ′014, ′049, and ′543 Patents is infringed by Plaintiffs or Fiserv, either literally or by application of the doctrine of equivalents, because of admissions, amendments, arguments, and statements to the United States Patent and Trademark Office during prosecution of the applications leading to the issuance of the ′014, ′049, and ′543 Patents or related applications.

### Fourth Defense (No Entitlement To Injunctive Relief)

54.     Defendants are not entitled to injunctive relief against Plaintiffs or Fiserv under the principles of equity applicable to actions for patent infringement by virtue of 35 U.S.C. § 283.  Plaintiffs and Fiserv have not infringed and are not infringing the ′014, ′049, and ′543 Patents, and the ′014, ′049, and ′543 Patents are not valid.  Further, any purported injury to

Defendants is not immediate and not irreparable, and Defendants will have an adequate remedy at law. Further, the public interest and the balance of hardships disfavor an injunction under the circumstances here.

### Fifth Defense (Laches)

55.     Defendants' claims are barred, in whole or in part, by the doctrine of laches.

### Sixth Defense (Limited Damages)

56.     Damages to Defendants, if any, are limited by 35 U.S.C. § 287.

### COUNTER-COUNTERCLAIM FOR DECLARATORY JUDGMENT THAT U.S. PATENT NOS. 7,370,014, 7,958,049, AND 7,734,543 ARE NOT INFRINGED AND ARE INVALID

Counter-Counterclaim Plaintiffs/Counterclaim Defendants CheckFree Corporation, CashEdge, Inc. (collectively, "Plaintiffs"), and Fiserv, Inc. ("Fiserv") allege the following on information and belief:

1.     Plaintiffs and Fiserv counter-counterclaim against Metavante Corporation and Fidelity National Information Services, Inc. (collectively, "Defendants") for declaratory judgments of invalidity and non-infringement of the patents asserted by Defendants in their Counterclaim pursuant to 28 U.S.C. §§ 2201 and 2202.

### THE PARTIES

2.     CheckFree Corporation ("CheckFree") is a Delaware corporation with its principal place of business at 255 Fiserv Drive, Brookfield, Wisconsin 53045.

3.     CashEdge, Inc. ("CashEdge") is a Delaware corporation with its principal place of business at 215 Park Avenue South, Suite 1300, New York, New York 10003.

4.     Fiserv, Inc. ("Fiserv") is a Wisconsin corporation with its principal place of business at 255 Fiserv Drive, Brookfield, Wisconsin 53045.

5.      CheckFree and CashEdge are wholly-owned subsidiaries of Fiserv.

6.      Upon information and belief, Metavante Corporation ("Metavante") is a Wisconsin corporation with its principal place of business at 4900 West Brown Deer Road, Milwaukee, Wisconsin 53223.

7.      Upon information and belief, Fidelity National Information Services, Inc. ("FNIS") is a Georgia corporation with its principal place of business at 601 Riverside Avenue, Jacksonville, Florida 32204.

8.      Upon information and belief, Metavante is a wholly-owned subsidiary of FNIS.

### JURISDICTION AND VENUE

9.      This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

10.     Upon information and belief, Defendants are subject to this court's specific and general personal jurisdiction pursuant to due process and/or the Florida Long Arm Statute, due at least their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Florida and in this judicial district.  Additionally, Defendants are subject to this court's specific and general personal jurisdiction based on Defendants' filing of claims of patent infringement in this court.

11.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

### COUNT I
### DECLARATORY JUDGMENT OF PATENT INVALIDITY

12.     The allegations of paragraphs 1-11 of these Counter-Counterclaims are incorporated in this Count as if fully restated herein.

13.     There is an actual and justiciable controversy under the Declaratory Judgment Act within the meaning of 28 U.S.C. §§ 2201 and 2202 between Plaintiffs and Fiserv, on the one hand, and Defendants, on the other hand, with respect to the validity of the ′014, ′049, and ′543 patents.

14.     The ′014 patent states that on May 6, 2008, it was issued to Dhaval Vasavada, Alex Kosowski, and Eric Jamison.

15.     The ′049 patent states that on June 7, 2011, it was issued to Eric W. Jamison, David S. Fortney, Dhaval A. Vasavada, and Alexander Kosowski.

16.     The ′543 patent states that on June 8, 2010, it was issued to Ronald A. Braco.

17.     Defendants have alleged that Metavante owns the ′014, ′049, and ′543 patents.

18.     One or more claims of each of the ′014, ′049, and ′543 patents are invalid for failing to comply with the conditions and requirements of patentability set forth in the United States Patent Laws, Title 35 U.S.C., including specifically §§ 101, 102, 103, and/or 112.

## COUNT II
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

19.     The allegations of paragraphs 1-18 of these Counter-Counterclaims are incorporated in this Count as if fully restated herein.

20.     There is an actual and justiciable controversy under the Declaratory Judgment Act within the meaning of 28 U.S.C. §§ 2201 and 2202 between Plaintiffs and Fiserv, on the one hand, and Defendants, on the other hand, with respect to the infringement of the ′014, ′049, and ′543 patents.

21.     Defendants have alleged that Plaintiffs and Fiserv infringe the ′014, ′049, and ′543 patents by making, using, selling, and/or offering for sale products, including the CheckFree RXP system.

22.     Plaintiffs and Fiserv have not infringed and are not infringing any valid, enforceable claim of the ′014, ′049, and ′543 patents, either literally or by equivalents, or under any theory, including direct infringement, induced infringement, or contributory infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and Fiserv pray that this Court enters judgment in their favor and against Defendants Metavante and FNIS as follows:

A.     A judgment in favor of CheckFree and CashEdge that Defendants have directly infringed the ′749 Patent, the ′524 Patent, and the ′223 Patent under 35 U.S.C. § 271(a);

B.     A determination that Defendants' infringement is and has been willful, and that this is an exceptional case under 35 U.S.C. § 285;

C.     A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringing the ′749 Patent, the ′524 Patent, and the ′223 Patent, as provided under 35 U.S.C. § 283;

D.     A judgment and order requiring Defendants to pay CheckFree and CashEdge their damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the ′749 Patent, the ′524 Patent, and the ′223 Patent, as provided under 35 U.S.C. § 284;

E.     A trebling for any and all damages for Defendants' infringement pursuant to 35 U.S.C. § 284;

F.     Dismissing Defendants' Counterclaims with prejudice, and denying all relief sought in Defendants' Counterclaims;

G.     Declaring that the asserted claims of the ′014, ′049, and ′543 patents are invalid;

H.      Declaring that Plaintiffs and Fiserv have not infringed and does not infringe any valid, enforceable claim of the '014, '049, and '543 patents;

I.      Finding that this is an exceptional case under 35 U.S.C. § 285 and ordering Defendants to reimburse Plaintiffs and Fiserv for their attorney fees and costs incurred in connection with this action; and

J.      Granting Plaintiffs and Fiserv such other and further relief as this Court deems just and reasonable under the circumstances.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Fiserv hereby requests a trial by jury of this counter-counterclaim on all issues so triable.

Dated April 6, 2012                         Respectfully submitted,

_____
Rutledge R. Liles
Florida Bar No. 102805
Katie L. Dearing
Florida Bar No. 184632
LILES, GAVIN, COSTANTINO, GEORGE
   & DEARING
225 Water Street, Suite 1500
Jacksonville, FL 32202
T:  904-634-1100
F:  904-634-1234
Email: rliles@lilesgavin.com
        kdearing@lilesgavin.com
TRIAL COUNSEL

-and-

Nicholas Groombridge
*Pro Hac Vice*
Erin Wiggins
*Pro Hac Vice*
PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
T: (212) 373-3000
F: (212) 757-3990
Email: ngroombridge@paulweiss.com
      ewiggins@paulweiss.com

David J. Ball Jr.
*Pro Hac Vice*
Annaka Nava
*Pro Hac Vice*
PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP
2001 K Street, NW
Washington, D.C. 20006-1047
T: (202) 223-7300
F: (202) 223-7420
Email: dball@paulweiss.com
      anava@paulweiss.com

TRIAL COUNSEL

***Attorneys for Plaintiffs,
CheckFree Corporation and
CashEdge, Inc.***