**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| CHECKFREE CORPORATION and ) <br> CASHEDGE, INC., ) <br> ) <br>         Plaintiffs, ) <br> ) <br>         v. ) <br> ) <br> ) <br> METAVANTE CORPORATION and ) <br> FIDELITY NATIONAL INFORMATION ) <br> SERVICES, INC., ) <br>         Defendants. ) <br> ───────────────────────────── ) <br> ) <br> METAVANTE CORPORATION ) <br> FIDELITY NATIONAL INFORMATION ) <br> SERVICES, INC., ) <br> ) <br>         Counterclaim Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CHECKFREE CORPORATION, ) <br> CASHEDGE, INC. and ) <br> FISERV, INC., ) <br>         Counterclaim Defendants. ) <br> ───────────────────────────── ) | Case No.: 3:12-cv-15-J-34JBT |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**
**FOR DEFENDANT'S RENEWED MOTION**
**FOR SUMMARY JUDGMENT UNDER 35 U.S.C. § 101**

Defendants submit the attached opinion (Ex. 1) in *Accenture Global Services, GMBH v. Guidewire Software, Inc.*, Appeal No. 2011-1486 (Fed. Cir., Sept. 5, 2013) as new authority in support of Defendants' Renewed Motion for Summary Judgment. Dkt. No. 181.

In *Accenture*, the court invalidated system claims under § 101 directed to generating tasks to be performed in an insurance organization. The court reached this conclusion notwithstanding that it identified the abstract idea more narrowly than had the district court, as "generating tasks [based on] rules . . . to be completed upon the occurrence of an event" rather than simply "organizing data." Ex. 1 at 15.

The claims contained details on "an insurance transaction database," "a task library database," "a client component" "a server component", an "event processor" and a "task engine." *Id.* at 3-4. The court rejected the patent-holder's argument that the "complexity of the specification" rendered the claims patent eligible, and held instead that "the important inquiry for a § 101 analysis is to look to the claim." *Id.* at 16. According to the court, "the system claims themselves only contain generalized software components arranged to implement an abstract concept" and "the complexity of the implementing software does not transform a claim reciting only an abstract concept into a patent-eligible system or method." *Id.*

Even if the specification were relevant, according to the court, a "schematic diagram" with "computer hardware" made no difference as it was "merely composed of generic computer components that would be present in any general purpose computer." *Id*. at 13. "[S]imply implementing an abstract concept on a computer, without meaningful limitations to that concept, does not transform a patent-ineligible idea into a patent-eligible one." *Id*. at 15.

The court also distinguished *Ultramercial, LLC v. Hulu LLC*, 722 F.3d 1335 (Fed. Cir. 2013), because the claims in that case contained additional limitations, and the

decision addressed a motion to dismiss "without formally construing the claims and with no discovery." *Id*. at 17-18. In *Accenture,* the court considered a summary-judgment motion after claim construction and discovery. *Id*. This different procedural posture made *Ultramercial* less informative. *Id*.

    Respectfully submitted,

        BEDELL, DITTMAR, DeVAULT, PILLANS & COXE
          Professional Association

        By    s/ Courtney K. Grimm
          John A. DeVault, III
          Florida Bar No. 103979
          jad@bedellfirm.com
          Courtney K. Grimm
          Florida Bar No. 953740
          cgrimm@bedellfirm.com
          The Bedell Building
          101 East Adams Street
          Jacksonville, FL 32202
          Telephone:  (904) 353-0211
          Facsimile:  (904) 353-9307

          -and-

       FINNEGAN, HENDERSON, FARABOW, GARRETT &
        DUNNER
          Jeffrey A. Berkowitz (admitted pro hac vice)
          jeffrey.berkowtiz@finnegan.com
          11955 Freedom Drive, Suite 800
          Reston, VA 20190-5675
          Telephone: (571) 203-2700
          Facsimile: (202) 408-4400

       E. Robert Yoches (admitted pro hac vice)
       (Lead Trial Counsel)
       yoches@finnegan.com
       Justin Lowery (admitted pro hac vice)
       justin.lowery@finnegan.com
       Ariana Woods (admitted pro hac vice)
       arianna.woods@finnegan.com
       Jason W. Melvin (admitted pro hac vice)
       jason.melvin@finnegan.com
       901 New York Avenue, NW
       Washington, DC 20001-4413
       Telephone: (202) 408-4000
       Facsimile: (202) 408-4400

       Stephen E. Kabakoff (admitted pro hac vice)
       stephen.kabakoff@finnegan.com
       3500 SunTrust Plaza
       303 Peachtree Street, NE
       Atlanta, GA 30308-3263
       Telephone: (404) 653-6400
       Facsimile: (404) 653-6444

       -and-

FIDELITY NATIONAL INFORMATION SERVICES, INC.
    Deborah Segers (admitted pro hac vice)
    debbie.segers@fisglobal.com
    601 Riverside Avenue
    Jacksonville, FL 32204 USA
    Telephone: (615) 665-6716

Counsel for Defendants Metavante Corporation and
Fidelity National Information Services, Inc.

**CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that on this 11th day of September, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

                s/Courtney K. Grimm
                Courtney K. Grimm
                Florida Bar No. 953740
                cgrimm@bedellfirm.com
                The Bedell Building
                101 East Adams Street
                Jacksonville, Florida 32202
                Telephone: (904) 353-0211
                Facsimile: (904) 353-9307
                Attorney for Defendants